## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

Case No. SACV 11-0343 DOC (RNBx)            Date: November 8, 2011

Title: MAXINE DERRY, ET AL -V- JACKSON NATIONAL LIFE INSURANCE COMPANY

PRESENT:

                        THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|---|---|

PROCEEDING (IN CHAMBERS): DENYING DEFENDANT'S MOTION TO FILE SURREPLY AND PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

       Before the Court is a Motion for Leave to File A Surreply filed by Defendant Jackson National Life Insurance Company. (Dkt. 63). Also before the Court once again is Plaintiffs' Motion to Certify Class. (Dkt. 37). Pursuant to Local Rule 7-12, this Court resolves these motions without oral argument.

**I. Background**

       On October 5, 2011, the Court dismissed Planitiffs' original complaint and gave Plaintiffs until October 24, 2011, to amend. (Dkt. 63). Plaintiffs then diligently filed a Second Amended Complaint on October 21, 2011. (Dkt. 65).

       Because the Court dismissed Plaintiffs' original complaint and the briefing for Plaintiffs' Motion to Certify Class was based on allegations in that dismissed complaint, the Court ordered Plaintiffs to show cause why their Motion to Certify Class should not be denied as moot. The Court expressly stated that Plaintiffs' "withdrawal of their Motion will also be deemed a sufficient response to this order to show cause." *See* Dkt. 64.

       In response, Plaintiffs prudently withdrew the Motion to Certify Class. (Dkt. 66) ("Plaintiffs' Response"). Defendant then filed Defendant's Reply to Plaintiffs' Response to Order to Show Cause ("Defendant's Reply"). (Dkt. 67). In Defendant's Reply, Defendant expressly stated that

it *did not oppose withdrawal*, but that Defendant "does not waive any claim that any subsequent motion to certify a class would be untimely."  *See* Dkt. 67.  Defendant advanced no argument and cited no authority for the proposition that Plaintiffs would somehow be precluded from filing another motion for class certification based on the Second Amended Complaint.

Plaintiffs, like this Court, appeared concerned that Defendant was seeking to litigate without actually arguing the issue of timeliness.  Thus, Plaintiffs filed Plaintiffs' Reply to Defendant's Reply to Plaintiffs' Response to Order to Show Cause ("Plaintiffs' Reply").  (Dkt. 68).  In Plaintiffs' Reply, they revoked their withdrawal of their Motion to Certify Class.

### II. Discussion

To the extent that Plaintiffs' Motion to Certify Class is now before this Court, it is hereby DENIED as MOOT.  *See Burke v. United States*, 480 F.2d 279, 281, 480 F.2d 279 (9th. Cir. 1973) ("The request for a class action becomes moot when the merits are determined against the [plaintiff]."); *Kirchgessner v. Wilentz*, 884 F.Supp. 901, 918, 884 F.Supp. 901, 918 (D.N.J. 1995) (denying as moot motion for class certification because plaintiff's claims were dismissed).  Plaintiffs' revocation of their withdrawal makes no argument otherwise.

Because the Court denies as moot Plaintiffs' Motion to Certify, the Court also DENIES as MOOT Defendant's Motion for Leave to File a Surreply.  (Dkt. 63).

Finally, because Defendant's Reply does not actually litigate the issue, the Court does not address whether a future motion for class certification based on the Second Complaint would be untimely.  However, as Plaintiff noted, even if Plaintiffs' subsequent motion could be construed as untimely, Local Rule 23-3 states that a Court may adjust the deadline for filing a motion for class certification.  Should Defendants chose to raise the issue of timeliness later, Plaintiffs are free to direct this Court to this Local Rule and the present Order.

The Court therefore removes from its calendar the hearing set for **November 14, 2011**.

The Clerk shall serve this minute order on all parties to the action.